# IN THE COURT OF APPEALS OF IOWA

No. 16-1417
Filed November 9, 2016

**IN THE INTEREST OF J.A. and M.K.,**
**Minor children,**

**J.A., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Dallas County, Virginia Cobb, District Associate Judge.

The father appeals from the juvenile court's order terminating his parental rights. **AFFIRMED**.

Nicholas J. Einwalter, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Janet L. Hoffman, Assistant Attorney General, for appellee State.

Kayla A. Stratton, Des Moines, guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

The father appeals from the juvenile court's order terminating his parental rights to his children, J.A., age two, and M.K., age one.[1] The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(d) and (h) (2015).

**I. Background Facts and Proceedings.**

The family first came to the attention of the Iowa Department of Human Services (DHS) in August 2014, when the parents and J.A. were living together. M.K. had just been born. The father has a lengthy history of admitted-methamphetamine use and mental-health issues, and after DHS's involvement with the family, the father was expected to address these issues. There were also concerns with domestic-assault incidents involving the father and mother.

J.A. was adjudicated a child in need of assistance (CINA) on November 4, 2014 pursuant to section 232.2(6)(c)(2),[2] and a dispositional hearing was held on December 30, 2014. M.K.'s CINA adjudication occurred on August 19, 2015 pursuant to section 232.2(6)(c)(2), and a dispositional hearing was held on November 4, 2015. Both children have been exposed to the father's substance abuse and domestic violence issues.

The State offered and provided the father numerous services including supervised visitation, individualized therapy, medication management, drug

---

[1] The parental rights of the mother have not been terminated, and she does not participate in this appeal.
[2] Section 232.2(6)(c)(2) provides that a child in need of assistance is a child "[w]ho has suffered or is immediately likely to suffer harmful effects as a result of . . . [t]he failure of the child's parent, guardian, custodian, or other member of the household in which the child resides to exercise a reasonable degree of care in supervising the child."

testing, and financial assistance. However, those services were, according to the juvenile court, unsuccessful. According to DHS, the father was provided supervised visitation with the children two times per week but was inconsistent with his visits. On some occasions, he would confirm the visitation times but would not show up. The father's attendance at individualized therapy was also inconsistent, and he refused to do some of the required drug testing. He also failed to update DHS about his current living situation and location. Due to the allegations of domestic assault, DHS suggested he attend anger management and domestic violence classes; however, he failed to do so.

The father's mental health struggles have also been an issue. His diagnosis is to be managed with medication; however, he has been inconsistent with taking his medication due to some fears of its side effects. He further failed to make contact with his mental health professionals for any follow-up concerning his no longer taking the medication.

In April 2016, the father experienced a cardiac episode that required ambulatory transfer to a hospital. Once stabilized, the father left the hospital against medical advice. The juvenile court left the record open in this case to allow for the father to file medical records verifying this incident; however, he failed to provide the court or DHS with any documentation.

Neither child has been in the father's continuous care and custody nor have there been any home visits of thirty days or more since November 4, 2015. The father has had no overnight visits with J.A. since July 2015 and none with M.K.

The State filed the termination petition in May 2016, and the father's rights were terminated as to both children on August 23, 2016. The juvenile court held the permanency goal for both children was to terminate the father's parental rights and to place them in foster care pending reunification with their mother. The court further held the termination of the father's rights was in the children's best interests and noted it was not presented evidence that would suggest the father could be reunified with his children if he were granted an additional six months. Additionally, the court found none of the permissive factors in section 232.116(3) made termination unnecessary.

The father appeals.

## II. Standard of Review.

We review termination proceedings de novo. *See In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). We give weight to the juvenile court's findings, especially when considering the credibility of witnesses, but are not bound by them. *See* Iowa R. App. P. 6.904(3)(g).

We review using a three-step analysis:

The first step is to determine whether any ground for termination under section 232.116(1) has been established. If we find that a ground for termination has been established, then we determine whether the best-interest framework as laid out in section 232.116(2) supports the termination of parental rights. Finally, if we do find that the statutory best-interest framework supports the termination of parental rights, we consider whether any exceptions in section 232.116(3) apply to preclude termination of parental rights.

*M.W.*, 876 N.W.2d at 219-20.

**III. Discussion.**

When the juvenile court terminates parental rights on more than one statutory ground, we need only find grounds to terminate under one of the sections cited by the juvenile court to affirm.  *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

**A.  Section 232.116(1)(h).**

The father claims the juvenile court erred when it found sufficient grounds to terminate his parental rights under section 232.116(1)(h).   That section provides the court may terminate of it finds all the following have occurred:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) This child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h)(1)-(4).

It is undisputed that both children are under the age of three.  At the time of the termination hearing, J.A. was two years old and M.K. was one year old.  Likewise, both children had been adjudicated as children in need of assistance.

Additionally, both children have not been in the father's care for the last six consecutive months.  The evidence showed the children have been out of the father's care and custody and have had no home visits of thirty days or more since November 4, 2015.  The father agues his absence from the home is due to the no-contact order put in place, but that he has tried to maintain significant

contact with the children. However, the testimony provided shows the father has not attempted to maintain significant contact with the children. Despite having been given twice-a-week visitation, the father never visited with the children with any regularity and would miss visits even after confirming he was going to go.

Finally, there is clear and convincing evidence that the children could not be returned to the father's custody at the time of termination. The evidence is clear the father still struggles with drug abuse and he has not taken appropriate steps to combat his addiction. He is also not addressing his mental health and anger issues. Summarily, the father was not ready to have the children returned to him at the time of the termination. We agree with the juvenile court's conclusion that clear and convincing evidence supports termination of the father's parental rights under 232.116(1)(h).

Having found grounds to terminate under one of the statutory sections cited by the juvenile court, we do not address the other grounds for termination in this case. *See M.W.*, 876 N.W.2d at 219-20..

**B. Children's Best Interests.**

Next, the father argues termination of his parental rights is not in the best interests of the children. Specifically, he argues it would be in the children's best interests to have a relationship with him and the children would benefit from the love and support he can give them. Even if the grounds for termination are satisfied, the juvenile court must give "primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]" before ordering termination. Iowa Code § 232.116(2).

The State argues the father did not preserve this issue for appellate review. However, assuming without deciding the issue was properly preserved, we find the juvenile court did not err in terminating the father's parental rights. *See In re D.S.*, 806 N.W.2d 458, 466 (Iowa Ct. App. 2011).

There is no evidence that the father retaining his parental rights will serve the children's best interests. The father has not visited with the children regularly and has many physical, mental health, and anger issues with which to deal. Additionally, the evidence shows both children are doing well. However, what the evidence fails to show is that the father has maintained or created a significant bond with either child. Therefore, we affirm the juvenile court's determination that the children's best interests are served by termination of the father's parental rights.

The father argues on appeal that a less-permanent alternative to termination was available in that the court could have limited his visitation with the children. However, this argument was not raised to the juvenile court, and as such, we decline to consider it here. *See In re T.J.O.*, 527 N.W.2d 417, 420 (Iowa Ct. App. 1994).

### C. Permissive Factors.

Finally, there are mitigating statutory factors that might persuade the juvenile court not to terminate parental rights. *See* Iowa Code § 232.116(3). On appeal, the father raises the argument that termination is not required under section 232.116(3)(a) because a relative has legal custody of the children. He contends the juvenile court should grant concurrent jurisdiction with the district court to allow the mother and father to litigate custody. The father did not raise

this issue with the juvenile court, and we decline to consider it here. *See T.J.O.*, 527 N.W.2d at 420.

However, even if the issue had been properly preserved, after reviewing the record, we agree with the juvenile court that none of the permissive factors apply to make termination unwarranted.

We affirm the order terminating the father's parental rights.

**AFFIRMED.**